STATE TO USE OF WOODWARD KEITHLY, Respondent, v. EDWARD GRUPE et al., Appellants.

1. *Constable—Bond.*—The constable and his securities upon his official bond are liable for the constable's refusal to pay upon demand the amount collected by him upon notes or accounts given to him for collection without suit. (R. C. 1855, p. 348, § 13, & p. 988, § 121.) The giving of a receipt is not a condition precedent to his liability.

State to use, &c., v. Grupe et al.

2. *Practice—Demand.*—To avail himself of the want of a demand made previous to a suit, the defendant must set up the defence in his answer and tender the amount due. (R. C. 1855, p. 448, § 34.)

*Appeal from St. Charles Circuit Court.*

*Wm. A. Alexander,* for respondent.

*Bruere,* for appellants.

HOLMES, Judge, delivered the opinion of the court.

This appears to have been an action against a constable and his securities on his official bond, alleging, as a breach, that the plaintiff had placed certain notes in the hands of the constable for collection, and that he had collected the money on them without suit, and failed to pay it over on demand. The petition was somewhat informal, and the bond sued on does not appear to have been filed with the petition, but the answer waived all objections and took issue upon it. There was a trial before the court sitting as a jury, and the verdict and judgment were for the plaintiff. There was a motion for a new trial, and the case comes up by appeal.

It was proved that the constable received the notes for collection and that he collected the money, but failed to pay it over on demand: he gave no receipt for the notes, but called a third person to witness that he received them for collection; and the maker of the notes, when he was called on for payment by the constable, procured another person to pay the money for him on one of the notes, having paid the other himself, under an arrangement made with him that the note should be assigned by the constable to him, and be held by him until he should be reimbursed, and the amount was afterwards paid to him by the maker.

It is insisted by the defendants that they cannot be held liable, because the constable gave no receipt for the notes. The provisions of the statute upon the subject (R. C. 1855, p. 348, § 13, and p. 968, § 21) make it the duty of the constable to receive such demands for collection and to give his receipt therefor; and he and his securities are made liable

on his official bond for the amount collected on them with or without suit, if he fail to pay over the money on demand, whereby any loss is sustained. This liability is not made to depend, in any manner, on the giving of a receipt. It is made his duty to give a receipt, but his responsibility on his bond depends on his failure to perform his duties and account for moneys collected. The 23d sec. of Art. VIII. of the Act concerning Justices' Courts provides a summary mode of proceeding against a constable and his securities, before a justice of the peace, in certain specified cases of failure of duty, among which the fourth is a failure to pay over on demand the money received on any demand placed in his hands for collection, and " for which he shall have given his receipt," or " any money or property received by him in pursuance of any of the provisions of this act." It is argued that these words show that it was the intention of the act to make the giving of a receipt a condition precedent of the liability. We do not think that this is the proper construction. It was doubtless the duty of the constable to give a receipt, if one had been required by the other party, and the clause in question supposes him to have done so; but the ground and reason of the liability are the failure to perform his duties as constable, and the omission to give a receipt only made his breach of duty so much the greater. The object of the act is to make him and his securities responsible on his official bond for all moneys collected in his official capacity; and this is further apparent from the words immediately following this clause: " or any money or property received by him in pursuance of any of the provisions of this act."

When the money was paid to the constable, he assigned the note, at the request of the parties, in these words: " I hereby assign the within note to Dr. Benjamin Rodgers.— Edward Grupe, constable." The constable had no power or authority to sell or assign the note to any other person. It was in his hands for collection only. It may be conceded that his assignment could have no validity or effect to trans-

fer the legal title to the note, so as to enable the holder to sue upon the instrument as the owner of it. The evidence shows that the assignment was made in pursuance of an arrangement which the maker had made with Rodgers to pay the money for him and hold the note until he should be reimbursed. On these facts the jury might very well find that the note had been paid by the maker and that the money had been collected by the constable.

Another objection was that no demand was made previous to the action. In order that this should be of any avail to the defendants, it should have been set up as a defence in the answer, accompanied with a tender of payment of the amount that was due, and even then it would merely avoid the costs. (R. C. 1855, p. 448, § 34.)

It was further objected that the admissions of the constable were not admissible in evidence against the securities. It was said in the case of the State v. Bird, 22 Mo. 470, that the collection of the money being the official act of the officer and the *res gesta*, a subsequent narration of the affair was inadmissible as an admission against the securities. Here the maker of the note stated that when the constable called on him for payment, he told him that the note was in his hands for collection. This may be very well considered as a part of the *res gesta*. And if the other statement of the deputies that the constable had told them, after the money was collected, that he had received the notes of the plaintiff for collection, were in any degree liable to this objection, there was an ample sufficiency of other evidence to prove the same facts, and the verdict may be sustained without these admissions. The defendants do not appear to have suffered any prejudice, by reason of any error of this kind, which would justify us in reversing the judgment.

Judgment affirmed. The other judges concur.