· MORAN, *Appellant*, v. STEWART *et al.*

Division One, December 24, 1895.

**Descents:** ADOPTION OF CHILDREN. A child duly adopted is a child capable of inheriting, within Revised Statutes, 1889, sections 4518, 4520, providing that the widow may take half her husband's real estate if he die leaving no child capable of inheriting. (*Moran v. Stewart*, 122 Mo. 295.)

*Appeal from Andrew Circuit Court.*

AFFIRMED.

·· *David Rea* and *James F. Pitt* for appellant.

The case of *Moran v. Stewart*, 122 Mo. 295, can not be sustained on principle or authority and ought not to be adhered to. The rights of widows at least ought not to be imperiled until there is appropriate legislation.

*P. Mercer* and *Booher & Williams* for respondents.

Defendant, Samuel Stewart, is an heir of David Moran by virtue of the deed of adoption set out in plaintiff's petition and is a child capable of inheriting within the meaning of section 4518, Revised Statutes, 1889, and therefore appellant can not elect to take one half of the real and personal estate belonging to said David Moran at the time of his death, absolutely, subject to the payment of debts, in lieu of dower. *In re Clements*, 78 Mo. 352; *Reinders v. Koppelman*, 68 Mo. 482; s. c., 94 Mo. 338; *Sharkey v. McDermott*, 91 Mo. 647; *Davis v. Hendricks*, 99 Mo. 478; *Fasburg v. Rogers*, 114 Mo. 122; *Moran v. Stewart*, 122 Mo. 295.

BRACE, P. J.—This is an appeal from the judgment of the circuit court of Andrew county sustaining a demurrer to plaintiff's petition.

The action is for the partition of certain real estate described in the petition, of which one David Moran died seized and possessed, who in his lifetime was twice married. The plaintiff, his second wife, as his widow, under the provisions of sections 4518, 4520, Revised Statutes, 1889, elected to take one half of the

real and personal estate of her deceased husband at the time of his death, absolutely, subject to the payment of his debts, in lieu of dower; by virtue of which election she claims an undivided half of the real estate sought to be divided.

Prior to the intermarriage of the plaintiff with the said David Moran, and during the lifetime of his first wife, he and his first wife, Catherine Moran, by deed duly executed, acknowledged and recorded in pursuance of the provisions of the statute (R. S. 1889, chap. 29) adopted the defendants "as our children, heirs, and devisees, together with all the reciprocal relations of parents and children with rights of inheritance and succession to any and all our estate, personal and real, of which we or either of us may die seized to the same extent, and to all intents and purposes, as though the said Robert and Samuel Stewart were the natural children of the said David and Catherine Moran, and offspring of their own body. All parties having fully consented which is evidenced by the signatures hereto attached."

The said David Moran having died leaving the defendants, his children adopted as aforesaid, surviving him, the circuit court in its ruling upon the demurrer in effect held that the plaintiff was not entitled to elect to take one half of her deceased husband's real estate under said section.

The question in this case is precisely the same that was presented in the case of *Moran v. Stewart* decided by this court May 28, 1894, and reported in 122 Mo. 295. The plaintiff in the two cases is the same, her election the same, the deed of adoption the same, and the character of the action the same; the only difference being that in this case lands of the deceased are sought to be divided, other than those in the former suit, and both of the adopted children are made parties

in this suit, while only one of them, Samuel Stewart, was a party to the former suit, the lands then sought to be divided having been devised to him.    So that on this appeal we are simply asked to overrule our decision in the former case.

The conclusion then reached was not hastily drawn, but arrived at after mature deliberation, and a careful consideration of all the argument and authorities which are again so ably pressed upon our attention, by the same counsel for appellants, in the present case, and after again patiently following counsel over the whole ground, we find our confidence in the correctness of our former ruling unshaken.    Consequently we adhere to it, and the ruling of the circuit court being in compliance with that decision, its judgment is affirmed.    All concur.