# CASES DETERMINED

BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

OCTOBER TERM, 1896.

JOHN P. TURLEY, Defendant in Error, v. JOHN W. BARNES *et al.*, Defendants; FRANCIS A. DREW, Plaintiff in Error.

St. Louis Court of Appeals, October 27, 1896.

1. **Practice, Appellate:** REVIEW OF ORDER FOR CONSOLIDATION OF CAUSES IN ABSENCE OF BILL OF EXCEPTIONS. An order of the trial court for the consolidation of actions can not be reviewed on appeal in the absence of a bill of exceptions.

2. **Practice, Trial:** EFFECT OF REFEREE'S REPORT. A referee's report in an action at law is equivalent to a special verdict, and the trial court can only approve it, or set it aside entirely. If it is approved, the judgment must conform to it.

*Writ of Error to the St. Louis City Circuit Court.*
HON. DANIEL D. FISHER, Judge.

REVERSED AND REMANDED (*with directions*).

*Willis H. Clark* for plaintiff in error.

(1) The court erred in failing to suspend proceedings in the second action until the first action should

(237)

have been tried and determined. *Sharkey v. Kiernan*, 97 Mo. 102. (2) Upon the facts found by the referee, Turley is not entitled to any lien upon Mr. Drew's property. R. S. 1889, sections 6723 and 6709; *Uthoff v. Gerhard*, 42 Mo. App. 256; *Kling v. Railroad*, 7 Mo. App. 410; *Hoffman v. Walton*, 36 Mo. 613. (3) The judgment in awarding a lien upon Mr. Drew's property is erroneous, being contrary to the evidence and the law. *Lingenfelder v. Wainright Brewery Co.*, 103 Mo. 578.

*W. B. Homer* for defendant in error.

(1) There was no error in making Drew, the plaintiff in error, a party to the justice of the peace suit, and if there were any error in such action, he has waived the same by failing to object. All questions as to the proper parties must be raised by demurrer or answer. (2) The judgment of the lien upon plaintiff in error's property is in proper form. *Bradish v. James*, 83 Mo. 313; *Brown v. Wright*, 25 Mo. App. 54; *De Witt v. Smith*, 63 Mo. 263; *Holland v. McGarty*, 2 Mo. App. 82. (3) The plaintiff in error filed no bill of exceptions, and there is no error made in the record of which he can complain. *Jefferson City v. Opel*, 67 Mo. 394; *McKee v. Calvert*, 80 Mo. 348; *State v. Griffin*, 98 Mo. 674.

BIGGS, J.—The defendants J. W. and E. C. Barnes, composing the firm of Barnes & Company, contracted with Francis A. Drew, the plaintiff in error, to make some improvements on a building belonging to him and situated in city block number 1691 in the city of St. Louis. Barnes & Company sublet the carpenter's work to John P. Turley, the defendant in error. Turley claimed to have completed the work according to the original contract, and also to have done some extra work. Barnes & Company claimed that he failed to

complete the work, and that they completed it afterward. Barnes & Company sued Turley before a justice of the peace for violation of his contract. They claimed $82.65 as damages. Turley claimed that Barnes & Company owed him $502.30 on the contract and for extra work. For this amount he filed a lien account. He afterward began suit in the circuit court against Barnes & Company on the account and to enforce the mechanics' lien on the building. Drew was made a party to that suit.

Barnes & Company recovered a judgment against Turley before the justice and Turley appealed. This cause was assigned to division number 5, of the St. Louis circuit court, and the suit to enforce the lien was assigned to division number 2.

On January 14, 1892, the lien suit was referred to Leonard Wilcox, with direction to take an account. On March 7, 1892, upon motion of Turley in the appeal case, the court ordered a consolidation of the action with that pending in division number 5, and also ordered that it be referred to the same referee. Drew had no notice of the motion to consolidate, nor did he consent to the consolidation.

The referee heard the two cases together, but reported them separately. In the appeal case he found that Turley owed Barnes & Company $45.85 for breach of contract. In the lien case he found that Barnes & Company owed Turley $70.20, leaving a balance due Turley of $24.35 and that Turley was entitled to a lien therefor on a three story brick building situated in block 1691, fronting south on Lindell avenue, and running back northwardly with a width of twenty-eight feet, ten inches, between parallel lines, bounded north by line beginning on west line of Grand avenue, eighty-four feet, three inches, north of its intersection with Lindell avenue, running west twenty-eight feet,

ten inches, east by west line of Grand avenue; south by Lindell avenue, and west by certain brick flats.

The reports were confirmed by the court and judgment was rendered against Barnes & Company for $24.35 and costs, which the court declared to be a lien on a lot fronting fifty-one feet, eleven and a half inches on Grand avenue instead of twenty-eight feet, ten inches, as found by the referee.

Drew sued out a writ of error from the supreme court on the constitutional ground that by the proceedings and judgment he was about to be deprived of his property without due process of law. For other grounds of reversal he claimed that prejudicial error had been committed against him in the consolidation of the actions, and that, as to the property affected by the lien, the judgment did not conform to the finding of the referee. The supreme court held that, as no constitutional question was presented by the record, it had no jurisdiction of the cause, and it ordered a transfer of the case to this court for final determination.

As the plaintiff in error filed no bill of exceptions, he is in no position to have the order of the circuit court consolidating the actions reviewed here. It is a question of practice merely, and, however erroneous, could only be taken advantage of by exception duly taken and preserved. Again, the record shows that the plaintiff appeared before the referee, defended against the suit to enforce the lien, and received the benefit (as a credit on the lien account) of the damages allowed Barnes & Company in the other action. It also appears that, while the causes were heard together, the referee gave the parties an opportunity to introduce any additional evidence which might be pertinent in either case. We, therefore, can not see how the plaintiff in error has been prejudiced by the order,

and for this reason alone we would be justified in rul-ing the question against him. R. S. 1889, sec. 2303.

By the judgment of the circuit court the lien was enforced against fifty-eight feet, eleven and a half inches, of land fronting on Lindell avenue and belong-ing to plaintiff in error, whereas the referee reported that the land upon which the improvements were made fronted only twenty-eight feet, ten inches, on Lindell avenue, and that the balance of the lot was covered by other buildings which belonged to plaintiff in error. The report of the referee as to the facts was equivalent to a special verdict, and the trial court could only set it aside entirely or approve it. Having approved it, the judgment must necessarily conform to it. Hence, the judgment as entered must be set aside, and the cause remanded to the circuit court with instructions to enter a new judgment in conformity with this opin-ion. All the judges concur.

