W. L. BOND, Respondent, v. W. W. FINLEY *et al.*, Appellants.

St. Louis Court of Appeals, March 1, 1898.

1. **Practice**: EXCEPTIONS. The motion for new trial complains of the rulings upon the exceptions to the report, but that is not enough to bring the question up for review in an appellate court. In order to have this effect the exception should have been interposed at the time the ruling of the court was made, and should have been duly preserved in the record.

2. **Referee**: FINDINGS. Where the nature of the action is such that it may be referred by the court without the consent of the parties (R. S. 1889, sec. 2138), the finding of the referee upon the evidence is only advisory and may be set aside by the court, and new findings made by it upon the evidence.

*Appeal from the Ralls Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

R. B. BRISTOW for respondent.

The first point that the respondent makes and calls the attention of the court to is that the appellants

Bond v. Finley.

did not save any exceptions to the action of the trial court in sustaining in part the exceptions of plaintiff to the report of the referee, page ninety-six of the transcript in the case; and page ten of the appellants' brief and abstract fails to show any exceptions saved by the appellant to the action of the trial court, of which he complains. It is true he filed his motion for new trial, but this does not take the place of exceptions on the hearing of plaintiff's exceptions to referee's report. Wentzville Tob. Co. v. Walker, 123 Mo. 662, loc. cit. p. 671, and authorities there cited, where this question is fully discussed, and respondent's position fully sustained. *Second.* The respondent insists that appellants' contention that the trial court is bound by the finding of the referee in this case is not correct. An examination of the authorities on this subject, I think, states the rule to be this: That in equity cases the trial court and the appellate court may examine the testimony as reported by the referee, and confirm, set aside or modify the referee's report. In cases referred, under section 2138, Revised Statutes of Missouri 1889 (section 3606 of Statutes 1879), involving a long mutual running account, the trial court may confirm, set aside or modify; but that in law cases, referred by consent of parties, the court may confirm or set aside, but not modify, because in these classes of cases the report of referee stands in the nature of the verdict of the jury. St. L.; S. H. & V. Co. v. Bissell, 41 Mo. App. 426, p. 429; C. & B. Hdw. Co. v. Walter, 91 Mo. 484; Bender v. Matring, 122 Mo. 244, p. 255; Wentzville Tob. Co. v. Walker, *supra.*

GEO. W. WHITECOTTON for appellants.

It is the settled rule in this state that in all actions wherein the constitutional right of trial by jury exists,

a referee performs the functions of a jury and his finding is equivalent to the verdict of a jury. Kennard v. Peck, 19 Mo. App. 342; Western Boatman's Ben. Ass'n v. Kribben, 43 Mo. 37; Am. and Eng. Ency. Law, p. 708. In Darling v. Potts, 118 Mo. 506–530, the court said: "The referee found in favor of the plaintiff. He had opportunities for judging of the credibility of the witnesses and their demeanor on the witness stand which we have not." In case of Gunbel v. Pignere, 62 Mo. 242, the court said: "The report of a referee stands as the verdict of a jury, and when there is any evidence to sustain it, we will suppose that the whole evidence was properly weighed and the requisite effect given to it." Franz v. Dietrick, 49 Mo. 95, to same effect. In the case of Lingenfelder v. The Wainwright Brewing Co., 103 Mo. 590 (twelfth line and following from bottom of page), the supreme court uses this language: "This court has held that in a law case the court must either accept or set aside altogether the finding of facts by the referee. To same effect, Ferry Co. v. R. R., 73 Mo. 389; Woodson v. Young, 61 Mo. 395; Ass'n v. Kribben, 42 Mo. 37; Franz v. Dietrich, 49 Mo. 95.

BOND, J.—This action is upon an alleged balance of $245 of an account embracing fourteen items of debit and sixteen items of credit. It was begun before a justice, where defendant offered to let judgment go in plaintiff's favor for $75. This not being accepted, plaintiff had judgment on the trial for $122, from which defendant appealed to the circuit court, where the issues were referred to a referee, for the reason that they involved the "hearing of long mutual accounts" extending over several years. The referee filed a report recommending judgment for plaintiff for $40.85. Both parties excepted to this report. The court sus-

tained the exceptions of plaintiff to certain items of the report and overruled those of defendant, and thereupon gave judgment for plaintiff for $136.50, from which this appeal is prosecuted by defendant.

It is insisted by appellant that the trial court erred in sustaining the exceptions of plaintiff to the report of the referee and in making a finding for itself upon the evidence and entering judgment for plaintiff. This position can not be maintained. The record shows that defendant saved no exception to the ruling of the court upon the exceptions filed by plaintiff to the referee's report. It is true the motion for new trial complains of the rulings upon the exceptions to the report, but that is not enough to bring the question up for review in an appellate court. EXCEPTION: time. In order to have this effect the exception should have been interposed at the time the ruling of the court was made, and should have been duly preserved in the record. Wentzville Tobacco Company v. Walker, 123 Mo. 662. Neither is there any force in the position taken by appellant, that the findings of the referee in this case stood upon the same footing as a special verdict.

That rule is only applicable to strictly legal actions and which can only be referred by consent of the parties. Where the nature of the action is such that it may be referred by the court without the consent of the parties (R. S. 1889, sec. 2138) the finding of the referee upon the evidence is only advisory and may be set aside by the court and new findings made by it upon the evidence. Wentzville Tobacco Co. v. Walker, *supra*, loc. cit. 670. The record in this case shows on its face that the issues referred belong to the class wherein the court might lawfully direct a compulsory reference. It was therefore entitled to make its own findings upon the evidence reported by the referee.

This assignment of error is therefore ruled against appellant. No others being made the judgment herein will be affirmed. All concur.