Windes v. Earp.

---

WINDES et al., Appellants, v. EARP et al.

Division One, June 14, 1899.

1. **Partition**: INTERLOCUTORY JUDGMENT: MOTION TO MODIFY. A motion made by one of the parties to a partition suit to modify the interlocutory judgment, on the ground that it taxed one of the parceners with the rent of the land, which was at the time leased by her husband, can not be considered if it comes two terms after the judgment was rendered without exceptions.

2. ———: ———: APPEAL. The statute permitting an appeal from an interlocutory judgment contemplated that exceptions and objections thereto would be timely made, or like other judgments they would become final and conclusive on the matters adjudicated and determined.

*Appeal from Camden Circuit Court.*—HON. ARGUS COX, Judge.

APPEAL DISMISSED.

NIXON & KING for appellants.

The judgment rendered sought to appropriate the property of Mrs. Windes to the payment of the debts of her

Windes v. Earp.

husband and son. This would have been recognized in the days of feudalism, when women were slaves of men, as a legitimate proceeding; but in this enlightened age, after the enfranchisement of woman, it is no less than a judicial confiscation to take her property to pay other people's debts. R. S. 1889, sec. 6868.

CARTER & MOORE for respondents.

ROBINSON, J.—The original proceeding in which the motion to be considered on this appeal was filed, was commenced in the Camden county circuit court by appellant as plaintiff and heir at law of Thompson J. Kelley, deceased, against the other heirs of said Kelley and one J. C. Earp (who became interested with them in the land by purchase), to partition the real estate belonging to said Thomas Kelley in his lifetime. H. H. Windes, the husband of appellant, was joined as a party plaintiff in the suit.

At the May term, 1894, when all the parties to the cause were present in court, the case was taken up for hearing, and the court proceeded to ascertain their respective interests and to determine whether the land should be partitioned in kind or the same ordered sold and the proceeds be partitioned. At the August term, 1894, the court entered its judgment of record therein, setting out the interests of the parties so ascertained, together with the charges against each interest, and finding that the nature and amount of the property sought to be divided and the number of the owners thereof was such that partition of the land in kind could not be made without great prejudice to the owners, made its order that said property be sold according to law at the next term of court, the purchaser to pay one-third cash and the remaining two-thirds in equal payments in twelve and twenty-four months respectively, and that the proceeds of said sale be partitioned between the parties according to their respective interests as set out in said judgment.

What was done in the original proceeding at the two succeeding terms of court, there is nothing disclosed by the record before us, except what may be inferred from the recitation contained in the motion filed by the plaintiff, Nancy T. Windes, at the August term, 1895, the action of the court in overruling which constituting the grounds of plaintiff's appeal. The motion is in words and figures as follows:

"Now comes the plaintiff, Nancy Windes, one of the above named plaintiffs, and states that in rendering judgment in said proceeding the rents and profits were charged against this plaintiff, Nancy Windes, and that the same was erroneously so charged, in that said premises, at the time of the partition proceedings, were rented and occupied by H. H. Windes, a tenant of Mrs. Kelley, and he alone is chargeable with the rents and profits.

"Your petitioner further states that the purchase money of said sale is unpaid and that the said Earp is committing waste upon said premises, by cutting valuable timber off from said premises, and impairing the security of the money due this plaintiff, as an heir of said former owner, Thompson J. Kelley.

"Whereupon the plaintiff demands that said rents and profits be charged against the said tenant, and that proper orders be issued to protect the said property from waste."

On plaintiff's motion being called up for hearing the following proceedings were had:

"In the circuit court of Camden county, August term, 1895.

"H. H. Windes et al., plaintiffs, vs. James C. Earp et al., defendants.

"Plaintiff offered in evidence written contract for the renting of the land in controversy to H. H. Windes and Son.

"Defendants by counsel object to the contract for the following reasons:

"1st.   For the reason it is incompetent, irrelevant, and has once been passed upon by the court in rendering the decree.

"2d.   For the reason that one of the parties to the contract is dead.

"Objection sustained by the court, to which ruling of the court, in sustaining objection, plaintiffs by counsel then and there at the time duly excepted.

"H. H. Windes, called as a witness on his own behalf, being duly sworn, testified as follows:

"Direct examination by Mr. Nixon, for plaintiffs.

"Q.   Now you may state whether you were in possession of this land in controversy at the time the partition case was tried here?

"Defendant's counsel object as incompetent and irrelevant.

"Objection sustained by the court, to which plaintiffs, by counsel, then and there at the time duly objected and excepted.

"Plaintiff's counsel offered to prove by Mr. Windes, the witness, that he and his son were in possession of this place in controversy at the time the proceedings for partition were instituted in this court; that he and his son continued tenants of Mrs. Kelley, deceased, from and after that time until the time of her death; that they have remained there under that tenancy up to the present time; that the wife of this witness (Nancy Windes) was not the tenant of Mrs. Kelley and never had control of the place; that Mrs. Nancy Windes never paid any rent and never agreed to pay rent and was not responsible in any way for the payment of the rent; that she was heir and daughter of Thompson J. Kelley and distributee under this judgment.

"Defendant's counsel objects for the reason that the subject-matter in the partition suit was adjudicated as to this land in controversy and that H. H. Windes and his wife were

upon the premises; that the judgment and decree rendered in that case can not be attacked in that way; and the testimony is incompetent, irrelevant and immaterial.

"Objection sustained by the court, to which ruling of the court in sustaining defendant's objection, plaintiff, by counsel, then and there at the time duly objected and excepted."

No further steps being taken upon the motion the court refused to correct the judgment theretofore entered in the premises and overruled plaintiff's motion, to which action of the court the appellant at the time duly objected and had noted her exceptions thereto.

The appellant then filed her motion for a new trial as follows:

"Now come the plaintiffs and move the court to grant a new trial, and for grounds state:

"1st. That said judgment is contrary to law and evidence.

"2d. That the court erred in refusing to admit proper evidence offered by the plaintiffs.

"3d. That the court erred in admitting improper evidence for the defendants.

"4th. That the judgment against the plaintiff in parti·tion proceedings charging Nancy Windes with rents was without evidence and authority.

"5th. That the entry and proceedings in the partition proceedings, charging the plaintiff, Nancy Windes, with rents, was null and void, and contrary to law and evidence.

· "6th. That the plaintiff, Nancy Windes, was not the tenant of Sarah Kelley, and never rented the said promises."

This motion being overruled, plaintiff again excepted to the action of the court, filed her affidavit for an appeal in due form, gave bond, and brings the case to this court.

Whether the trial court refused to open up the inquiry into the matter of the charge against the interest of the plain-

tiff Nancy T. Windes and to modify its judgment as suggested by plaintiff's motion, for the reason that the testimony offered by her at the hearing of the motion, had once been heard and passed upon by the court, as was suggested in the objection made by counsel for defendant to the testimony as offered, or whether the same was considered by the court as incompetent and irrelevant to the issue presented, or whether the court considered the motion filed as untimely, there is nothing in the record or in the brief of appellant to inform us, and if for any reason the trial court was justified in its action this court would be compelled to sustain same, if the overruling of said motion was a proceeding in the case from which an appeal would properly lie.

Besides, on plaintiffs' appeal in this case, there is nothing in the record to indicate upon what facts the court in the first instance acted in arriving at the judgment made, from which we could determine (if we were authorized to consider this appeal), its correctness or falsity, or whether its action on plaintiff's motion to modify the judgment was justified or not. The judgment from which plaintiff now seeks relief, was made without objection or exception at the time, and plaintiff will not be allowed, through the indirection of a motion, which is here styled "a motion to modify," to assail that judgment, or the court's action in refusing to set aside the same and rehear the facts upon which it was predicated, when the judgment itself could not have been directly challenged on appeal after the lapse of two terms from its rendition, without objection or exception.   The right of appeal from interlocutory judgments in partition before final judgment in the cause, given by the amendment of 1895 (Session Acts 1895, page 91), certainly contemplated exceptions would be timely made, or like other judgments, they would become final and conclusive upon the matters determined and adjudicated.   Plaintiffs' objection to the interlocutory judgment herein, comes too late at the third term of court after its rendition; and to put that objec-

tion in the shape of a motion to modify and then attempt an appeal from the court's action thereon in overruling same, would be the accomplishment by indirection that which could not be done by direction. There is nothing before the court open for review in a proceeding of this character. Plaintiff's appeal is therefore dismissed.

All concur.