# LINN COUNTY v. FARMERS' & MERCHANTS' BANK et al., Appellants.

### Division Two, June 9, 1903.

1. **Pleading:** STRICKEN OUT: WAIVER. Equitable defenses set up in the answer in an action at law, if stricken out by the court below without any exception being saved to that action, are not available to defendant on appeal.

2. **County Deposits:** INTEREST: PAYMENT. In a suit by a county against its depository for interest due it on its daily balances, the depository set up that it had daily credited the county with interest on all the balances except interest on the capital school fund deposited with it, and passed those credits to the treasurer's bank book, and that such payments were settlements, and if it had incorrectly retained interest for the school fund the retention was a mere mistake which could only be rectified by an equitable action to correct them. *Held,* that, *first,* the trial court having on motion stricken out this defense without exceptions saved, it is not available on appeal; *second,* the action was simply one at law to recover the balance due the county under a contract; *third,* neither the passing of certain interest to the credit of the county, monthly, nor the entrance in the treasurer's bank book of those amounts, was a settlement with the county.

3. ————: ————: DEMAND. A failure of the county, before instituting suit, to make a demand on its depository for the balance of interest due it on its daily balances, in order to be available to the depository as a defense, must be pleaded, and such plea must be accompanied with a tender of the amount due, etc.

4. ————: ————: ————: SUFFICIENCY. A notice by one of the judges of the county court to either the president or cashier of the bank, the county's depository, that if the bank did not pay the balance of interest due on the county's daily balances deposited with it, the county would have to sue, is a sufficient demand, if any demand was necessary. In no event is it necessary to demand any specific amount, if the demand is such that the amount claimed can be ascertained from the data at hand.

Appeal from Linn Circuit Court.—*Hon. Jno. P. Butler, Judge.*

AFFIRMED.

*E. R. Stephens* for appellants.

(1) If $359.70, the amount of the judgment was retained by defendants as a credit due plaintiff on account of interest, it was by mistake. However, the total sum of $722.77 was paid to the county treasurer by defendants covering the entire term of two years from May 4, 1897, to May 2, 1899, at four and one-twentieth per cent interest on all daily balances, which were paid to said county monthly, accepted and received by him as such treasurer, without protest or objection, as a true and correct account, computed on all daily balances, which presumptively passed to the credit of the road or bridge fund, as provided by Laws 1891, p. 104, sec. 3214. The remedy of plaintiff (if it has any) is not in this form of action, but should be in the nature of a bill in equity to correct the mistake, if any in the payments and settlements with the county treasurer asking for the amount improperly withheld, with interest. No mistake, fraud or error was pleaded or proven by plaintiff. The petition does not state a cause of action. County of Marion v. Phillips, 45 Mo. 75; Kronberger v. Binz, 56 Mo. 121; Quinlan v. Keiser, 66 Mo. 603. (2) The county treasurer was authorized and empowered to receive the interest upon said county funds from the defendants in behalf of said county, and after receiving them as such treasurer, neither his nor the defendants' action could be impeached, especially in the absence of fraud, collusion or mistake of fact, and it follows that the circuit court erred in refusing declarations of law numbered 1, 2, 3 and 5, as asked by defendants. Laws 1891, p. 104, sec. 3214; State ex rel. v. Roberts, 60 Mo. 402; State ex rel. v. Smith, 65 Mo. 464; State ex rel. v. Ewing, 116 Mo. 138. (3) In refusing declaration of law No. 4 as asked by defendants, the court clearly disregarded the law. The plaintiff can in no event recover in this case. There was no evidence in the case, either direct or inferential, that any demand, prior to

the commencement of this suit, was made upon the defendants or any of them as depository of Linn county funds, to pay the balance sued for as a credit for interest due on daily balances, or evidence of any refusal to do so. Landis v. Saxton, 105 Mo. 491.

*Johnson & Bresnehen* and *Thomas P. Burns* for respondent.

The judgment in this case is for the right party and should be affirmed. R. S. 1899, secs. 6817, 6818 and 6819. This is a suit for interest accruing under the contract between plaintiff and defendant bank, and not a suit by some citizen on the bond of the depository for a penalty to go to the road and bridge fund. R. S. 1899, secs. 6819 and 6820. The fact that the treasurer turned over all the money he received from the defendant bank, and was released, was not a settlement between the plaintiff and defendant bank. R. S. 1899, sec. 6829.

BURGESS, J.—This is an action to recover $424.50, claimed to be the balance due plaintiff by defendants as depository of its funds for two years from the 4th day of May, 1897, at four and one-twentieth per cent interest, on daily balances. Plaintiff had judgment for the sum of $359.70. Defendants appeal.

The facts briefly stated are, that the Farmers' and Merchants' Bank was at the time of the institution of this suit on April 18, 1900, and prior thereto, a partnership banking institution, and C. W. Trumbo, C. E. Trumbo, Marion Cave, Lee Meyer and James Brown were the partners and as such its owners.

At the May term, 1897, of the county court of Linn county, said defendant bank was selected by said county court depository for plaintiff for the two years next following said May term of said court. A contract was then entered into between plaintiff and defendant bank by which the bank was to pay plaintiff four and

one-twentieth per cent interest, computed on daily balances, and remaining as a credit to plaintiff, in monthly payments to the treasurer of said county, one C. E. Kelley. The bank became the depository of the county funds on the 10th day of May, 1897, and continued as such until the 2d day of May, 1899.

During that time Kelley, county treasurer, deposited the county's funds with defendant bank, and from time to time, the cashier of defendant bank, C. E. Trumbo, entered credits on Kelley's bank book of interest due the county on daily balances, and when such credits were entered there was nothing said as to whether such credits were the full amount of interest due the county on daily balances to its credit at the time such credits were made, or not, and no settlement was had with the bank. No dispute arose and the treasurer did not know whether the defendant bank had given the county credit on his bank book for all the interest due the county under said contract or not until about the time the contract between plaintiff and defendant expired, but about the time the term of the defendant as depository expired, George W. Adams, county clerk for plaintiff county, at the instance of the county court, took Kelley's bank book showing the account of plaintiff and defendant bank, and made a computation on the daily balances to plaintiff's credit with defendant at the rate of four and one-twentieth per cent, and it was then discovered for the first time that the interest due plaintiff under said contract was $1,147.27, whereas, the defendant bank had paid plaintiff and entered on Kelley's book only $722.77, leaving the balance due the county, as shown by the said contract, Kelley's bank book, and Adams's computation, of $424.50. When the attention of the officers of defendant bank was called to the discrepancy of $424.50, and demand made on the bank for a settlement with plaintiff, they contended for the first time that some part of the county's fund deposited with

the bank belonged to the capital school fund, and that on such part as was capital school fund the county could not require interest under the said contract, and also asserted that the bank had paid the county all it owed under said contract, after the interest on the capital school fund was deducted, so that no dispute arose until the time of settlement between plaintiff and defendant bank arrived, and then the only dispute was the question of whether or not the county was entitled to interest on the capital school fund, if any, which was deposited in defendant bank—the officers for the bank contending that the capital school fund was exempt from the terms of said contract, under the law, and the county court contending that the county was entitled to interest on its daily balances regardless of the question of the capital school fund—and the defendant bank failing to pay the balance of $424.50 claimed by the county, this suit was brought.

The case was tried by the court, a jury being waived.

No declarations of law were asked by plaintiff.

Defendant asked the court to declare the law as follows:

1. That the sum of $722.77 paid the county on daily balances at the rate of 4 1-20 per cent interest, by the defendant to C. E. Kelley, treasurer, for the term of two years from the 10th day of May, 1897, to May, 1899, monthly, upon the county funds, was a payment to the plaintiff to be placed to the credit of the road or bridge fund, as the county court might order, and if said sum of $722.77 was a less amount than the county was entitled to, the excess can not be recovered, as nothing was shown, and no attempt on the part of plaintiff was made on the trial to show fraud or mistake of fact by said C. E. Kelley, treasurer, in receiving said daily balances.

2. That no fraud, collusion, or mistake of fact, was pleaded or shown by plaintiff in the receipt of the

county funds by C. E. Kelley, treasurer of Linn county. Therefore no recovery can be had by the plaintiff in this action.

3. That C. E. Kelley, county treasurer, had full authority as such treasurer to receive four and one-twentieth per cent upon county funds (except capital school fund) computed upon daily balances, monthly, and after the receipt of said interest by him as county treasurer, in behalf of said plaintiff, no claim for excess of interest on daily balances could be made by plaintiff unless fraud, collusion, or mistake of fact was first shown.

4. That no demand for any sum in excess of $722.72 was made prior to this suit of defendant by the county court, or any authorized agent of the plaintiff.

5. That the monthly settlements made by the defendant with County Treasurer Kelley in behalf of Linn county, covering the entire term of two years up to May 2, 1899, on daily balances at four and one-twentieth per cent of the county funds, aggregating the sum of $722.77, were prima facie evidence of payments in full of all interest due plaintiff, and as no fraud or mistake of fact has been shown, the finding should be for defendant.

Which declarations of law the court refused, to which refusal the defendants then and there excepted at the time.

It is said for defendants that, if three hundred and fifty-nine dollars and seventy cents, the amount of the judgment, was retained by defendant bank as a credit due plaintiff on account of interest, it was by mistake, and as the total sum of $722.77 was paid to Kelley, county treasurer, by defendants, covering the entire term of two years from May 4, 1897, to May 2, 1899, at four and one-twentieth per cent interest on all daily balances which were paid to said Kelley monthly, as a true and correct account, the remedy of plaintiff (if it has any) is not in this form of action, but should be

in the nature of a bill in equity to correct the mistake in the payment and settlement with the county treasurer. The action is simply an action at law for money due by way of interest upon deposits as per contract, and no settlement or full payment is set up in the answer. It is true these matters were set up in the answer as first presented, but they seem to have been stricken out upon motion of plaintiff without any exception having been saved to the action of the court in so doing. These defenses having been stricken out of the answer in the court below, are unavailable to defendants. Nor did the mere fact of the entry by defendant's cashier of credits upon the treasurer's bank or pass book of interest due the county on daily balances, daily or monthly, amount to a settlement or settlements, or the payment, or the payments by the cashier to the treasurer of $722.77, amount to a full payment of all interest due plaintiff. The remedy pursued is the proper one we think under the facts disclosed by the record.

It is claimed that the court committed error in refusing instruction number four asked by defendant. The argument is that a demand upon defendant bank for the money claimed, and, for which this suit is being prosecuted, should have been made by plaintiff as a prerequisite to its institution. But the failure to make demand by plaintiff before instituting suit is not pleaded, and this was necessary under section 1575, Revised Statutes 1899, to enable the defendants to avail themselves of the want of demand, as well also as to have accompanied the same with a tender of the amount. etc. [Westcott v. DeMontreville, 30 Mo. 252; State to use v. Grupe, 36 Mo. 365; Reid v. Mullins, 43 Mo. 306; Engel v. Dressel, 26 Mo. App. 39.]

But even if a demand was necessary before bringing suit it was sufficiently shown by the testimony of Judge Henry Johnson, a member of the county court of

Vol 175 mo—35

said county, who testified that a month before the institution of this suit, upon either the first Monday or Tuesday in January, 1900, he went to the bank, and told Mr. Trumbo that if he did not pay the money, we, that is, the county, would have to, bring suit. It is true the witness did not state which one of the Trumbos it was of whom he made the demand, but that is of no consequence, as they were both officers of the bank, one its president, and the other its cashier, and the demand of either was good. In no event was it necessary to have made demand of any specific amount, so that the demand was such that the amount claimed could be ascertained from the data at hand, and in possession of the. bank.

There was no reversible error in the admission of the testimony of the witness Adams. Nor is the objection to the petition well taken. It states a good cause of action, and all that could be desired.

Finding no reversible error in the record, we affirm the judgment.

All concur.