HAMLET COLLAMORE vs. MARIA L. H. LEARNED & others.
ALONZO COLLAMORE vs. SAME.

Suffolk.    March 24, 1898. — May 18, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Motives as affecting the Validity of a Decree of Adoption — Evidence.*

A request for a ruling that "it is not competent under the adoption law for a person in the senile age of life to adopt persons in the prime and vigor of life" is rightly refused.

At the trial of petitions to set aside decrees of adoption, the petitioners requested a ruling that "it is not competent under the adoption law for an adoption to be made for the purpose of operating simply as and to take the place of a last will and testament." The judge found that the adoption was not made for the purpose of so operating, but that it was an important purpose of the adopter to make the adopted persons his heirs at law with a view to take away any inducement that some of those who otherwise would have been his heirs might have to oppose his will. *Held,* that this motive was a proper one, and, if it were bad, it would not affect the validity of the decree, as the ruling asked seemed to suppose, however much it might affect the discretion of the court in making it, if put in evidence at the original trial. *Held, also,* that the same consideration would apply to the other rulings asked that the authority of the court could not be used to inflict private revenge or other object relating to third persons, to foster immorality, or to prevent the heirs at law from contesting a will, and that in view of the number of persons sought to be adopted, etc., and of the motives of those interested and of the facts surrounding the family, the decrees were invalid, even if they had not been disposed of by the judge's finding that the facts supposed were not true.

At the trial of a petition to set aside a decree of adoption, the petitioner offered in evidence the will and inventory of the adopter's mother as a step in the proof that he got most or all of his fortune from her, and that she cut off the parent of the adopted children with a small sum, the object being to show that the adoption, which was treated as standing on the same footing as a will, was unnatural and inconsistent with the adopter's duties. *Held,* that the evidence offered was rightly excluded.

TWO PETITIONS to the Probate Court to revoke decrees of adoption of the respondents by John H. Collamore. The cases were heard in this court on appeals taken by the petitioners before *Knowlton,* J., who refused to admit certain evidence and to give certain rulings, and dismissed the petitions; and the petitioners alleged exceptions. The first named petitioner was a nephew and the second named was the only child of a deceased

nephew of the adopter. The respondents were the children of a brother of the adopter. The facts appear in the opinion and in a note thereto by the reporter.

*H. C. Whitney,* for the first named petitioner.

*R. M. Morse & E. B. Hale,* for the respondents.

HOLMES, J. These are petitions to set aside decrees of adoption by one John H. Collamore of three persons, his nieces and nephew. At the time, Collamore was seventy, and the adopted children were respectively forty-three, thirty-nine, and twenty-five years old. At the trial of the case in this court, on appeal from a decree of the Probate Court dismissing the petition, the following rulings were asked and refused, and exceptions were taken.

First. " It is not competent under the adoption law for a person in the senile age of life to adopt persons in the prime and vigor of life." Such is not the law. Pub. Sts. c. 148, § 1.

Second. " It is not competent under the adoption law for an adoption to be made for the purpose of operating simply as and to take the place of a last will and testament." The court found as facts that the adoption was not made for the purpose of operating simply as suggested, but that it was an important purpose of Collamore to make the adopted persons his heirs at law, with a view to take away any inducement that some of those who otherwise would have been his heirs might have to oppose his will. This motive is a perfectly proper one, and, if it were bad, it would not affect the validity of the decree, as the ruling asked seemed to suppose, however much it might affect the discretion of the court in making it, if put in evidence at the original trial. The same consideration would apply to the other rulings asked, if they had not been disposed of by the judge's finding that the facts supposed were not true.*

---

* The other rulings asked were:

" It is not competent under the adoption law to use the law and the authority of the court thereunder for the purpose of inflicting private revenge or other object relating to third persons outside of the adopter and adopted.

" It is not competent to use the adoption law and the action of the court thereunder to foster, encourage, or protect immorality or improper behavior, or for the purpose of preventing the heirs at law from contesting a will or protecting their rights. '

. " In view of the number of persons sought to be adopted, the ages and

The will and inventory of Collamore's mother were offered in evidence, as a step in the proof that he got most or all of his fortune from her, and that she cut off the parent of the adopted children with a small sum, the object being, as explained to us, to show that the adoption, which is treated as standing on the same footing as a will, was unnatural and inconsistent with Collamore's duties. But an adoption is not a will. Collamore owed no duties of the kind supposed, and the facts offered, if proved, would not have shown any restriction, legal or moral, upon his absolute freedom in dealing with his property directly by will, or in affecting it indirectly by instituting an heir. No reason is shown why the decree for adoption should be disturbed.

*Exceptions overruled.*

---

conditions, and of the minds, motives, and purposes of the persons interested, and of the facts surrounding the family affected, these decrees were not valid nor of binding force or effect."