VALLIANT, J.
This suit emanated from the probate court of Andrew county on appeal to the circuit court of that county, and comes thence by appeal to this court. It is the application of Angie Moran, widow of the testator, to the probate court for an order of distribution, claiming to be entitled to one-half the personal estate under the terms of section 4518, R. S. 1889.
It appears in evidence that on the final settlement of the executor there was in his hands for distribution the sum of $7,360, of which sum the circuit court adjudged to the *560 appellant one-third, from which judgment she prosecutes this appeal.
The evidence showed that in 1869 the testator David Moran, and his then wife, Catherine, executed a deed whereby they adopted Robert Stewart, then aged twenty-two years, and Samuel Stewart, nineteen years, “as our children, heirs and devisees, together with all the reciprocal relations of parents and children, with rights of inheritance and succession to any and all our estates, personal and real, of which we or either of us may die seized, to the same extent and to all intents and purposes as though the said Robert and Samuel Stewart were the natural children of the said David and Catherine A. Moran, and offspring of their own body.” After-wards Catherine died, and in 1891 David Moran married appellant. There was no child born to David Moran by either marriage. He died in March, 1892, leaving a will which was duly probated, disposing of all his estate, and which having been executed before his marriage with appellant made no provision for her. There was admitted in evidence against appellant’s objection what purported to be a marriage contract, but as the circuit court held that the contract was invalid in so far as it purported to affect the rights of appellant in respect of the personal estate she was not injured by its introduction in evidence.
Appellant within due time in the course of the administration filed her deed of election as provided in section 4522, R. S. 1889, whereby she elected to take one-half the real and personal estate under the terms of section 4518 in lieu of the dower provided in section 4513.
.The right of a widow to one-half the estate left by her husband under section 4518 depends on his having died “without any child or other descendants in being capable of inheriting.”
Upon the facts in this case, if Robert and Samuel Stewart, the adopted children of David Moran, are his children capable *561 of inheriting rvithin the meaning of the statute, the widow is entitled only to a child’s share,, which is one-third, and is what the circuit court awarded her; if they are not children of David Moran capable of inheriting then she is entitled to one-half the estate.
This is the third time at the suit of this appellant, that this court has been called on to pronounce judgment as to the rights of these parties under this deed of adoption. [Moran v. Stewart, 122 Mo. 295 ; Moran v. Stewart, 132 Mo. 73.]
It is now suggested that the deed of adoption as to Robert Stewart is invalid, because he was twenty-two years old when the deed was executed. The statute uses the word child in the sense of its relation to the word parent, and in the capacity of heir. It provides that upon the execution of the deed of adoption the child shall have the same rights in relation to the person adopting it as it would have in relation to its own parents. The intention of the statute is to enable a person to bestow upon the object of his favor the attribute that the law bestows on one’s own offspring and to establish as nearly as possible the relation of parent and child. The word child in relation to the word parent, gives no suggestion as to age, and that is the sense in which it is used in the statute.
The law has placed no limitation as to the age of the child to be adopted, and there is no reason why such a restriction should be placed on the choice of the adopting parent.
There is nothing else in this case that has not already been twice decided in the two cases above cited, and a review of those cases, confirms us in the opinion that they were decided correctly. The judgment of the circuit court is affirmed.
All concur.