# LEIALOHA (k), LAHAPALIILII BUSH AND JOHN F. COLBURN v. EDWARD H. F. WOLTERS.

ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

ARGUED SEPTEMBER 10, 1912. .                    DECIDED SEPTEMBER 26, 1912.

ROBERTSON, C. J., PERRY AND DE BOLT, JJ.

EJECTMENT—*prima facie case.*

In an action of ejectment the plaintiffs make out a *prima facie* case by evidence of adverse possession which shows that title to the land in controversy was acquired by one from whom the plaintiffs take title by right of inheritance through their adopting parent.

ADOPTION—*agreement for—Act 83, L. 1905.*

If an agreement of adoption, by which the adopting parent "covenants and undertakes to give" the adopted child the same rights in her estate after her decease as though the child were her natural child, is not sufficient of itself to confer the right of inheritance, the statute (Act 83, L. 1905), gives the agreement full force and effect in that regard by clothing the adopted child with the right of inheritance.

LIMITATION OF ACTIONS—*conflicting evidence—nonsuit.*

It is error to grant a motion for a nonsuit at the close of the plaintiffs' case, in an action of ejectment, even if there is some evidence tending to show that the defendant took possession of the land more than ten years before the plaintiffs began the action, there being also evidence tending to show the contrary. The court should not grant a motion for a nonsuit on conflicting evidence.

Leialoha (k) v. Wolters, 21 Haw. 304.

### OPINION OF THE COURT BY DE BOLT, J.

This is a writ of error to the circuit court of the first circuit to review a judgment of nonsuit entered in an action of ejectment brought by the plaintiffs in error (plaintiffs below) against the defendant in error (defendant below) to recover possession of a certain parcel of land fronting on Queen street in Honolulu, being a portion of apana 2 of the lands described in L. C. A. 30, R. P. 1809, to Kahoowaha; to which parcel of land the plaintiffs Leialoha and Lahapaliilii Bush claim title in fee simple by inheritance and to which the plaintiff Colburn claims right to possession by demise from the other two plaintiffs.

The parties were at issue to the court, trial by jury being waived, and upon the close of the plaintiffs' case the defendant moved for a nonsuit on the grounds, (1) that the plaintiffs had failed to prove title or right of possession to the land in controversy; (2) that the plaintiffs' evidence of title by adverse possession was so vague and uncertain that the court would not be able to give judgment in favor of the plaintiffs for the whole or for any definite part of the land; (3) and that it affirmatively appeared from the plaintiffs' evidence that the action was not commenced within ten years after the right to bring such action first accrued. The court granted the motion, expressly predicating its ruling upon the several grounds stated in the motion. Judgment of nonsuit was entered accordingly, whereupon the plaintiffs sued out this writ of error.

The assignments of error set out in the record are six in number, and include the three grounds stated in the motion for a nonsuit. In the view we take of the case, however, we deem it unnecessary to set out the other assignments of error referred to and will confine our attention to the grounds stated in the motion for a nonsuit and in the ruling thereon.

The plaintiffs offered in evidence probate record No. 1447, re estate of Kahoowaha, deceased, whereby, as they claim, it

appears that Kahoowaha died in or about the year 1862, intestate, leaving no property or estate other than the lands mentioned; that on January 6, 1865, Umiumi, a brother, and Mauliawa, a nephew of Kahoowaha, deceased, were decreed to be his heirs at law; and that distribution of the estate of Kahoowaha was thereby made to them accordingly. The defendant objected to the admission of this record in evidence on the ground that the estate consisted entirely of land; that the probate court was without jurisdiction; and that, consequently, the proceedings had, including the decree therein, were void. The court sustained the defendant's objection and rejected the offer of proof. The plaintiffs now contend that even though the decree was void it should have been admitted in evidence for the purpose of showing color of title in Mauliawa, he having entered into possession under it as heir of Kahoowaha, deceased. They argue that the decree, though void, if it had been admitted in evidence it could have been relied upon by them as showing color of title in Mauliawa, and in the event of showing actual possession to only a part of the land by him, they could then have rightfully claimed that he had constructive possession of all the lands, including the land in controversy. Be this as it may, the probate record was in no way made a part of the record now before us for review, and, except as to the very meager showing made at the time it was offered in evidence, to which we have just alluded, we have no exact knowledge as to what the record actually contains. We cannot, therefore, undertake the consideration of the question raised by the refusal of the court to admit the record in evidence. However, upon a careful reading and consideration of the entire record now properly before us we are of the opinion that the plaintiffs made out a *prima facie* case (there being evidence tending to show actual possession of all the lands mentioned, including the land in controversy), and that the motion for a nonsuit should not have been granted on any of the grounds therein stated.

It appears from the record sent up that the plaintiffs adduced

evidence tending to show that Umiumi on January 23, 1865, sold and conveyed all his interest, if any he had, in the lands described in the patent, to Mauliawa; that Mauliawa immediately thereafter entered upon and assumed sole and exclusive control and actual possession of all the lands mentioned, and from that time on until his death in 1896, a period of about forty years, he lived on the land, used and improved it as his own; that he had at least three houses on the land, one of which he used for himself and the others were occupied by tenants of his; that a portion of one of these houses stood on the land in controversy; that he had a fence along the Ewa side of the premises; that the mauka and Waikiki boundaries of the land were designated by fences owned by adjoining land owners; that he used that portion of the land now in dispute and which fronts on Queen street, for a roadway leading up to his house; that no part of the premises in dispute, except as to the claim of the defendant, was ever claimed by or in the adverse possession of any one during the possession thereof by Mauliawa; that he died intestate without children, leaving his wife, Lahapa, as his heir at law, whether his sole heir or not, the record is silent; that Lahapa had resided on these lands with her husband for many years prior to his death, and continued to reside thereon after his death until January 20, 1900, when all the buildings and other structures and improvements thereon were destroyed by fire; that Lahapa died in 1907, intestate, leaving as heirs at law, her adopted children, the plaintiffs Leialoha and Lahapaliilii Bush.

Upon the evidence thus presented the trial court could have found, (1) that Mauliawa acquired title to the land in controversy by adverse possession; (2) that upon the death of Mauliawa, his widow, Lahapa, acquired title therein to one-half, if not all, of the land by inheritance; (3) and that upon the death of Lahapa, her adopted children likewise acquired title to the same by inheritance.

The defendant questions the right of the adopted children of

Lahapa to inherit her estate, the contention being that the agreement of adoption does not in express terms give them that right; and that Act 83, Laws of 1905, is not retrospective, and, therefore, it cannot be invoked in this instance to give force and effect to the agreement of adoption.    We see no merit in this contention.    The agreement of adoption was duly executed and acknowledged before a circuit judge and recorded according to law on October 6, 1896, whereby Lahapa "covenants and undertakes to give the said children the same rights in her estate after her decease as though the said children were her own son and daughter respectively, born in lawful wedlock."

Act 83, Laws of 1905, reads as follows:    "An adopted child, whether adopted by decree or judgment of a judge or court, or by an agreement of adoption legalized by a judge or court, or by an agreement of adoption duly acknowledged and recorded according to law, shall inherit estate undisposed of by will from its adopting parents the same as if it were the natural child of such adopting parents, and shall not inherit estate from its natural parents; the adopting parents of such child shall inherit estate undisposed of by will from such child the same as if such adopting parents had been its natural parents, and the natural parents of such child and their relatives shall not inherit estate from it; and for all other purposes an adopted child and its adopting parents shall sustain towards each other the legal relation of parents and child and shall have all the rights and be subject to all the duties of that relation the same as if such child were the natural child of such parents, and all such duties and rights as between such child and its natural parents shall cease from the time of the adoption."

The language of this statute is plain and unambiguous. There is no room for any question or doubt as to the legislative intent. The obvious purpose of the legislature was, to clothe the adopted child, whether adopted before or after the enactment of the statute, with the same rights of inheritance that the natural child enjoys.  As the right of inheritance does not vest until the death

Leialoha (k) v. Wolters, 21 Haw. 304.

of the person from whom the right is derived, the statute, of course, applies only in cases where such death has occurred since the enactment of the statute. It appears that Lahapa, the adopting parent, died in 1907, two years subsequent to the date of the statute. The statute, therefore, applies in this case, and, if the agreement of adoption is not sufficient of itself to confer the right of inheritance, the statute gives it full force and effect in that regard by clothing the adopted children with the right of inheritance.

One ground of the motion for a nonsuit, expressly adopted by the court below, as we have already observed, was, that it affirmatively appeared from the plaintiffs' evidence that the action was not commenced within ten years after the right to bring such action first accrued. Even if there was some evidence tending to show that the defendant took possession of the land in dispute more than ten years before the plaintiffs began this action of ejectment, there was also evidence tending to show the contrary. The court should not have granted the motion for a nonsuit on conflicting evidence. If the cause had been submitted on its merits, then, of course, the court could have properly weighed and considered all the evidence before it.

The judgment of nonsuit is reversed and the cause is remanded for a new trial.

*T. M. Harrison (W. C. Achi* with him on the brief) for plaintiffs.

*W. B. Lymer (Thompson, Wilder, Watson & Lymer* on the brief) for defendant.