*G. A. Davis* and *C. S. Davis* for defendant.

---

ELIZA CABRAL SOUZA AND BELINA CABRAL JAGOE *v.* SOCIEDADE LUSITANA BENEFI-CENTE DE HAWAII, AN HAWAIIAN COR-PORATION.

No. 1086.

SUBMISSION UPON AGREED STATEMENT OF FACTS.

SUBMITTED JULY 1, 1918.                    DECIDED JULY 8, 1918.

COKE, C.J., QUARLES, J., AND CIRCUIT JUDGE HEEN IN PLACE OF KEMP, J., ABSENT.

ADOPTION—*minors—adults—statute.*

> Under a statute providing for the adoption of children, the word "minor" or other words showing an intent to limit adoption to minors not being used, an adult may be adopted by another and the adoption creates in law the relation of parent and child.

WORDS AND PHRASES—"*children, legitimate or legitimated.*"

The phrase "children, legitimate or legitimated," as used in a by-law of a beneficial society, is broad enough to and does include a child that has been legally adopted under the statute of adoption.

BENEFICIAL ASSOCIATIONS—*by-law—construction.*

Where a by-law of a beneficial association provides that on the death of a member in good standing a certain death benefit shall be paid to his relatives in a certain prescribed order, viz., 1. To the widow; 2. To the children, legitimate or legitimated, the adopted children of a member who dies in good standing leaving no widow are entitled to such death benefit.

OPINION OF THE JUSTICES BY QUARLES, J.

The agreed case shows among other things that Manuel Caetano Baptista, hereinafter called the deceased, married the mother of plaintiffs when the plaintiff Eliza Cabral Souza was seven years of age and the plaintiff Belina Cabral Jagoe (formerly Costa) was an infant in arms. The deceased cared for the plaintiffs as his own children, reared and educated them during their infancy and until their respective marriages, and entertained an affection for them.   He was for many years a member of the defendant society and in good standing as such when he died. Having no wife capable of taking the death benefit payable under the by-laws of the defendant society the deceased on April 25, 1917, a short time before his death, filed in the circuit court of the first judicial circuit of the Territory of Hawaii, his petition setting forth the facts and praying that the adoption of the plaintiffs by deceased be authorized, legalized and declared valid.   The petition was granted and the decree prayed for was duly made by the judge of the circuit court.   The adoption of the plaintiffs legalized by the said decree was accepted by the plaintiffs. At the time the plaintiffs were of the ages of forty-two and thirty-six years respectively.   Soon thereafter the deceased died.   By the by-laws of the defendant society when a mem-

ber in good standing dies a death benefit of $1500 is payable by the defendant society to certain relatives. Article 30 of the by-laws of the defendant society contains the following provisions: "Whenever the member shall not dispose of the death benefit in the manner indicated by the by-laws and the circumstances referred to in Article 24 shall not exist, the board of directors shall pay the death benefit to the relatives in the order following: 1. To the widow. 2. To the children, legitimate or legitimated * * * ." By the agreed facts it appears that the circumstances referred to in Article 24 did not and do not exist and that the deceased died without disposing of the death benefit as authorized by the by-laws of the defendant society. The plaintiffs claim the said death benefit and the defendant society opposes the claim.

On the one hand it is contended that the plaintiffs are either the legitimate or legitimated children of the deceased and as such entitled to the death benefit. On the other hand it is claimed that the provision in Article 30 of the by-laws, "to the children, legitimate or legitimated," does not include an adopted child but applies solely to the offspring of the member either born in lawful wedlock or legitimated after birth by the marriage of the parents; or, if it includes adopted children, the plaintiffs cannot take for the reason that the circuit court or judge had no jurisdiction to legalize the adoption by the deceased of the plaintiffs, the plaintiffs being adults at the time of the decree legalizing their adoption.

The argument that the by-law in question contemplates only blood relatives we do not regard as entirely correct as the first person named, the widow, is not related by consanguinity.

The adoption of children was unknown to the common law and is a creature of statute. The statutes of adoption of various jurisdictions are so different that adjudicated

cases to be of assistance must be under statutes similar to our own. The purpose and effect of such statutes are, however, the same everywhere, that is, to create the relation of parent and child where it did not otherwise exist. *In re Estate of Moran,* 151 Mo. 555, the court at page 557 said: "The intention of the statute is to enable a person to bestow upon the object of his favor the attribute that the law bestows on one's own offspring and to establish as nearly as possible the relation of parent and child. The word child in relation to the word parent, gives no suggestion as to age, and that is the sense in which it is used in the statute." If the adoption of plaintiffs by deceased was valid the relation of parent and child was created between the deceased and each of the plaintiffs and plaintiffs are children of the deceased within the meaning of the by-law in question. There is nothing in the by-laws of the defendant society under discussion which shows the intention of the defendant society to exclude from participation in the death benefit, where no widow survives, an adopted child. The phrase "children, legitimate or legitimated" is broad enough to and does include the adopted child which, after adoption in either of the modes provided by our statute, sustains to the adopting parent the relation of a legitimate child and as such is capable of inheriting from the adopting parent (R. L. Sec. 2994).

But is the decree validating and legalizing the adoption by the deceased of the plaintiffs void for the reason that the plaintiffs were adults at the time the decree was made? By section 2272 R. L. circuit judges are granted power at chambers, among other things, "to legalize the adoption of children." By section 2994 R. L. a child may be adopted by decree or judgment of a judge or court of record or by agreement of adoption duly acknowledged and recorded, and the adopted child thereafter sustains the relation of child and heir to the adopting parent (*Leialoha* v. *Wolters,*

21 Haw. 304). There is nothing in our statute confining the same to minors. Under a similar statute the supreme court of Massachusetts has held that a decree adopting children of the ages of forty-three, thirty-nine and twenty-five, respectively, is valid (*Collamore* v. *Learned,* 171 Mass. 99). *In re Estate of Moran, supra,* the court also said: "The law has placed no limitation as to the age of the child to be adopted, and there is no reason why such a restriction should be placed on the choice of the adopting parent." This argument probably points to the true reason why the legislature failed to confine the proceedings of adoption to minors. Similar rulings are found in *Markover* v. *Krauss,* 132 Ind. 294; *Sheffield* v. *Franklin,* 44 So. (Ala.) 373, 12 L. R. A. N. S. 884, while in *Moore, Petitioner,* 14 R. I. 38, and in *Williams* v. *Knight,* 18 R. I. 333, a different rule was announced.

The relation of parent and child may by adoption exist between adults under the statute which does not confine the adoption to minors, hence the plaintiffs are children of the deceased within the meaning of Article 30 of the by-laws of the defendant society and are entitled to a judgment for the death benefit in the sum of $1500.

A judgment may be prepared and entered accordingly and it is so ordered.

*W. J. Robinson* for plaintiffs.

*Andrews & Pittman* for defendant.