CHUN QUON v. ANNIE M. DOONG, ADMINISTRA-
TRIX OF THE ESTATE OF DOONG SOONG,
DECEASED.

No. 1700.

EXCEPTIONS FROM CIRCUIT COURT SECOND CIRCUIT.
HON. D. H. CASE, JUDGE.

SUBMITTED DECEMBER 16, 1926.                    DECIDED DECEMBER 29, 1926.

PERRY, C. J., BANKS AND PARSONS, JJ.

APPEAL AND ERROR—*costs accrued—error of magistrate.*

The error of a district magistrate in stating to an appellant
the amount of the costs accrued is not ground for dismissing an
appeal otherwise properly noted and perfected.

SAME—*contradiction between notice of appeal and magistrate's cer-
tificate.*

In case of a contradiction between the written notice of appeal
and a magistrate's certificate as to the ruling or judgment that
the appeal is taken from, the notice prevails.

TRIAL—*nonsuit—conflicting evidence.*

A motion for a nonsuit presented at the close of the plaintiff's
evidence, without the defendant's resting, cannot be granted when
there is substantial evidence, more than a mere scintilla, sufficient
to support a finding and judgment for the plaintiff, even though
there be also evidence sufficient to support a finding and judgment
for the defendant.

OPINION OF THE COURT BY PERRY, C. J.

This is an action of assumpsit, instituted in the district
court of Wailuku, Maui, for the recovery of $241.10,
which is alleged in the declaration to have been deposited
by the plaintiff with the defendant's intestate for safe-
keeping. From the district court the case was appealed
to the circuit court of the second circuit. Trial was had
in the latter court without a jury. At the opening of the
trial the plaintiff moved to dismiss the defendant's appeal

from the district court, upon grounds hereinafter stated. The motion was denied. At the close of the plaintiff's evidence the defendant, without resting her case, moved for a nonsuit and the motion was granted. The case comes to this court upon a bill of exceptions presented by the plaintiff and duly allowed by the circuit judge.

The grounds of the plaintiff's motion to dismiss the defendant's appeal from the district court to the circuit court were, first, that the appellant had failed to pay a part of the costs said to be required by law to be paid in order to perfect an appeal and, second, that "the certificate of appeal showed that the appeal was from the ruling of the district magistrate denying a motion for a nonsuit, which ruling is not a final order or decision subject to appeal." In the schedule of district court costs appearing in R. L. 1925, section 2541, are the following items, among others: "For noting appeal, ten cents; filing thereof, ten cents; and for making a return thereof, one dollar." These are the items of costs, aggregating $1.20, which it is claimed the defendant-appellant did not pay and should have paid in order to perfect the appeal. The long established practice has been, we believe, for district magistrates, in furtherance of the desire of losing parties to appeal, to name these three items as costs required by law to be paid in the perfecting of appeals; and the items are habitually paid as a part of the costs on appeal. From the record in this case it appears that the plaintiff, while depositing $20 cash in lieu of bond to secure costs to accrue and while paying a total of $2.65 as costs accrued, did not pay the three items in question; but it appears from the record with equal clearness that the magistrate, when applied to for the amount of costs accrued, did not include or name the $1.20 as costs accrued to be paid on the appeal. At the bottom of the certificate of appeal signed by the magis-

trate the "memorandum of costs" endorsed thereon contains the following:

"Costs of Court, paid by...............$ 2.65
Cash Bond ......................... 20.00

Total sent up herewith................$22.65"

On the back of the appeal the notation is entered "Received $22.65," signed by the clerk of the circuit court. The minutes of the clerk of the district court contain a specification, under the title "costs of court," of the items composing the $2.65 with the added statement, "remit to circuit court, bond $20, costs of court $2.65, total $22.65." In the absence of any showing to the contrary we understand the record to indicate that the magistrate or his clerk, when applied to by the defendant for a statement of the costs accrued, answered that they were $2.65 and overlooked the additional three items aggregating $1.20. Under these circumstances the appellant sufficiently complied with the law in the matter of the payment of costs accrued.    She cannot be denied her right of appeal merely because of this error of the magistrate or his clerk or both.

It is true that the certificate of the magistrate is that he ruled that "in view of the fact that the testimony of the plaintiff stands uncontested and undisputed, and also further supported by the receipt, the motion for nonsuit will be denied" and that an appeal from "said judgment" was duly noted by the defendant.   The record before us, however, includes a copy of the written appeal filed by the defendant in the district court.   It reads: "The defendant in this case appeals from the judgment herein to the circuit court of the second judicial circuit, Territory of Hawaii," and is dated April 5, 1926, and properly signed.   The minutes of the clerk of the district court show that on April 3, 1926, the magistrate first denied

the motion for a nonsuit and that then the defendant rested her case without adducing evidence and that then "judgment is rendered in favor of the plaintiff and against the defendant for $241.10, as claimed, together with legal interest due thereon, attorney's commissions and the costs of this action" and that thereafter the defendant orally noted her appeal to the circuit court. There can be no doubt that in fact the defendant's appeal was from the "judgment herein" and not from the mere ruling denying the motion. In other words, the record shows that the appeal was from the final judgment for the plaintiff, in the sums named, and was not from the interlocutory ruling. The statement in the magistrate's certificate was obviously erroneous. The notice of appeal must prevail. In this connection it is to be noted that the appeal taken was not upon points of law but was a general appeal from the final judgment of the district court. Had it been purely upon points of law a different question might have arisen. The circuit judge correctly denied the motion to dismiss the defendant's appeal.

At the trial in the circuit court the plaintiff gave testimony at considerable length. He testified directly to the effect that he had deposited the money sued for with the defendant's intestate for safe-keeping, that he had made demand for the return of the money and that no repayment had ever been made. A document written in Chinese was introduced and received in evidence and testimony was given that, translated, it read: "With thanks— bring over to me $241.10   Mr. Chun Quon on the 8th day of January, 1925.   Doong Soong—bill." There was also testimony that the stamped mark on the' face of the paper was Doong Soong's seal (Doong Soong being the defendant's intestate), that Doong Soong had such a seal and that many bills receipted by him bore the. same seal. Other witnesses testified that it was customary with the

Chinese in the community in which the parties lived to deposit moneys for safe-keeping with Doong Soong. The trial judge, in a written opinion on the motion for a nonsuit, said that "the testimony submitted by the plaintiff in this case is so unsatisfactory that the court is unable to make findings of fact such as would warrant judgment in favor of the plaintiff." He believed from the evidence and found that "on numerous occasions prior to the death of Doong Soong * * * the plaintiff paid to Doong Soong, the deceased, sums of money amounting in the aggregate to $341.10," but he declared himself "unable to determine from the evidence whether this money was in payment for purchases made, or was in the nature of a loan, or was a contribution to a tanimoshi fund, or merely deposited for safe-keeping." He added that "the evidence of the plaintiff, to some extent, would tend to support any one of these theories, but it does not prove, to the satisfaction of the court, that the money was deposited by Chun Quon with Doong Soong for safe-keeping;" that the paper with the Chinese characters was not shown to have been signed by the defendant and was not admissible in evidence and that the plaintiff's testimony stood uncorroborated; and that "were the defendant living and able to appear and make defense the court would feel inclined to accept plaintiff's testimony on its face value and render judgment in his favor." For these reasons and others of a similar nature the nonsuit was granted. In this there was error. Assuming that some of the plaintiff's testimony was susceptible of giving rise to the doubts expressed by the trial judge, nevertheless other portions of his testimony, direct and unambiguous, were clearly sufficient in law to support a finding that the money was deposited by him with Doong Soong, as claimed in the declaration, and that it had not been repaid. The so-called receipt, in Chinese characters, was

correctly admitted in evidence and tended to corroborate the plaintiff's testimony. So, also, the testimony of other witnesses to the effect that Doong Soong made it a practice to receive moneys on deposit had some corroborative value, even though slight. If the case had been on trial before a jury it would clearly have been the duty of the presiding judge to refuse to grant a nonsuit and to submit the evidence to the jury, to be weighed by the latter. In this jurisdiction it has become established that the same procedure applies when the trial is before the circuit judge alone without a jury. The motion for a nonsuit presents merely the question of law whether the plaintiff has adduced some substantial evidence, more than a mere scintilla, sufficient, if believed, to support a finding and judgment in his favor. After the defendant rests, the court, like the jury, will be at liberty to weigh the evidence and to make its findings accordingly. "Where defendant rests his case on nonsuit, the court takes all evidence in as true." *McCully* v. *Stanley,* 3 Haw. 147, 149,—in which the trial was before a jury. "A motion for a nonsuit should be denied where suit is brought upon account and there is more than a scintilla of evidence to prove some of the items to which no valid objection has been made." *Schoening* v. *Miner,* 22 Haw. 196, 203,—a jury-waived case. "A motion for nonsuit should not be granted when there is more than a scintilla of evidence to support plaintiff's demand." *Leong Chung* v. *Hee,* 29 Haw. 18. "The court should not have granted the motion for a nonsuit on conflicting evidence. If the cause had been submitted on its merits, then, of course, the court could have properly weighed and considered all the evidence before it. The judgment of nonsuit is reversed and the cause is remanded for a new trial." *Leialoha* v. *Wolters,* 21 Haw. 304, 309,—a jury-waived case.

The. exceptions are sustained, the ruling granting the motion for a nonsuit is set aside and the cause is remanded to the circuit court for a new trial.

*E. R. Bevins* for plaintiff.

*A. E. Jenkins* for defendant.