STATE EX REL. MARTIN E. BUERK, Relator, v. JOHN W. CALHOUN, Judge of the Juvenile Division of the Circuit Court of the City of St. Louis.—52 S. W. (2d) 742.

Division Two, August 29, 1932.

*Roby Albin* for relator.

*Gilbert Weiss* for respondent.

HENWOOD, J.—This is an original proceeding in mandamus. Relator filed in the juvenile division of the Circuit Court of the City of St. Louis his petition, in proper form, for permission to adopt as his child one Lynna Rowland, a married woman of the age of thirty-one years and a resident of said city. The said Lynna Rowland and Alfred B. Rowland, her husband, entered their appearance to the proceeding by filing therein their written consent to the adoption sought. When the cause came on for hearing, respondent, as judge of said court, dismissed the same on the ground that the court was without jurisdiction. Thereupon, relator applied to this court for a writ to compel respondent to set aside the order of dismissal and to hear and determine the cause on its merits.

An alternative writ of mandamus was issued, and in his return thereto respondent asserts, among other things: "That the said juvenile court has no jurisdiction of the said subject-matter, it being a statutory division of the circuit court, exercising limited and special powers; and that its jurisdiction is confined strictly within the statute that is invoked; and that the act creating the right of adoption is only applicable to children, their care, custody, and inheritance; and that in no place does it create the right of adoption of an adult."

The question presented for our determination is whether an adult person may be adopted as the child of another person under our present adoption statute.

The adoption statute now appears as Article I, Chapter 125, Sections 14073 to 14081, Revised Statutes of 1929. Sections 14073 and 14074 read, in part, as follows:

"Sec. 14073.—Any reputable person desiring to adopt another *person* as his child, may petition the juvenile division of the circuit court of the county in which the *person* sought to be adopted resides, or if such *person* has no place of abode in this State, of the county in which the person seeking to adopt resides, for permission to adopt such *person* as his child." (Our italics.)

"Sec. 14074.—The court shall not decree the adoption, except as hereinafter provided, unless in cases where the *child or person* to be adopted is of the age of 12 years or over and consents in writing to the adoption; and in cases where the *child or person* to be adopted is under the age of 21 years, the parents or surviving parent and guardian of the child, if any, consent in writing, to the adoption; and the approval of the court shall be requisite in all cases, such approval being given or withheld as the welfare of the *child or person*

sought to be adopted may, in the opinion of the court, demand." (Our italics.)

In the subsequent sections the individual to be adopted is designated as "child" and not as "person" or "child or person."

█ Counsel for respondent says that the words child and person are used interchangeably in the statute. With this construction we agree. But, the word child is used in the sense of its relation to the word parent, and does not signify minority. This we say because the word child as similarly used in the original adoption statute was so construed by this court. [In re Estate of David Moran, 151 Mo. 555, 52 S. W. 377.] And the presumption is that the Legislature in enacting the new statute used the word in the same sense as it was used in the old statute, nothing to the contrary appearing. [Kelly v. Thuey, 143 Mo. 422, 45 S. W. 300.]

█ The language of Section 14073 excludes all idea of age limit or minority. Under its provisions, any reputable person may adopt another person as his child, even though the latter has no place of abode in this State. Section 14074 provides that, if the person to be adopted is under the age of twenty-one years, the consent in writing of his parent or guardian shall be necessary, clearly implying that a person over the age of twenty-one years may be adopted, and, of course, without such consent. These two sections manifest the general intent that any person, regardless of age, may be adopted as the child of another person.

█ Counsel for respondent points out various provisions of the statute which are applicable only in cases where the person to be adopted is a minor, and contends that from such provisions it is plain that adults were not intended to be included in the scheme of adoption created by the statute. But, it is a sound rule of construction that the general intent of a statute cannot be overthrown by subsidiary provisions of particular or limited application. [Endlich on Interpretation of Statutes, secs. 111 and 216.] Such, in effect, was the rule of construction applied to the original statute of adoption. [In re Estate of David Moran, supra.] That statute likewise contained many provisions applicable only to minors, but it has held that adults were embraced within its general terms.

The original adoption statute was enacted in 1857. [Laws 1857, p. 59.] It remained on the statute books until 1917. While various additions were made to it from time to time by way of amendments, its two principal objectives remained the same. One of these was to enable one person to make another his heir, regardless of blood relationship; the other looked to the change of custody of minor children, securing to them support, maintenance and humane treatment. With respect to the first of these objectives, this and all

1176

other courts of the State held that both adults and minors were embraced within it; that is, that an adult as well as a minor could be adopted as the heir of another person. In 1917, the attention given by the Legislature to the subject of child welfare resulted in several enactments relating to that subject, including a new adoption statute. [Laws 1917, pp. 193 to 195.] By repealing the old and enacting the new adoption statute, the Legislature withdrew the right of individuals to fix the custody of minor children by deed or private contract and provided that no person shall surrender or transfer the custody of a minor child to another without the approval of the juvenile court. This statutory change was obviously made in furtherance of child welfare, with no intention on the part of the lawmakers of withdrawing or limiting the right of one person to make another his heir as it had theretofore existed.

■ The jurisdiction of the juvenile division of the Circuit Court of the City of St. Louis is coextensive with the provisions of the present adoption statute. [Sections 14073 to 14081, Revised Statutes 1929.] It follows that said division of said court has jurisdiction of both the subject-matter and the parties in the cause which respondent, as judge, ordered dismissed, and that the order of dismissal should be set aside and the cause heard and determined on its merits.

A peremptory writ of mandamus is awarded. All concur.