## EX PARTE LIBERTINI AND HAGLER

[No. 499, September Term, 1965.]

*Decided December 6, 1966.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

*Thomas L. Hennessey* for appellant.

MARBURY, J., delivered the opinion of the Court.

This is an appeal from the dismissal by Judge John E. Raine, Jr. of the Circuit Court for Baltimore County of a petition for adoption of an unmarried, thirty-five year old captain in the Women's Army Corps, who has given her consent, by an unmarried fifty-six year old sergeant in the W.A.C., who is domi-

ciled in Maryland. The proposed adoption is allegedly for reasons of inheritance and maternal feeling. After receiving the petition, the court below did not hold a hearing, thus the parties had no opportunity to present their case. The court dismissed the petition for the reasons that "to declare a person a legal child of an unmarried woman is to declare her to be illegitimate" and that to the judge, it seemed to be a "perversion of the entire adoptive process" and would serve no useful purpose.

The statutory provisions and the Maryland Rules on adoption provide that *any person* of lawful age may file a petition for adoption of any person, whether a minor or an adult. Code (1957), Article 16, Sections 70-71; Rules D71 and D74. If the adopting petitioner is married, then the spouse must join in or consent to the petition. Code (1957), Article 16, Section 70; Rule D71. There is nothing in the law which required that the adopting person be married or have been married, thus, Maryland law makes permissible the adoption of an adult by an adult who is single. See Strahorn, *Changes Made By the New Adoption Law,* 10 Md. L. Rev. 20, 23-24 (1949); Strahorn, *Adoption in Maryland,* 7 Md. L. Rev. 275, 283-84 (1943). In other states which have an adoption statute similar to that of Maryland, the courts have reached comparable conclusions in cases involving the legal effect of the adoption of one adult by another. See *Wilson v. Johnson,* 389 S. W. 2d 634 (Ky. Ct. App. 1965); *Brock v. Dorman,* 339 Mo. 611, 98 S. W. 2d 672 (1936); *Collamore v. Learned,* 171 Mass. 99, 50 N. E. 518 (1898); 2 Am. Jur. 2d, *Adoption,* Sections 10-11.

The effect of the adoption of an adult is the same as that of the adoption of a minor, except as to guardianship. Code (1957, Cum. Supp. 1966), Article 16, Section 82. That is, the adopted person is treated as an heir, issue, or an equivalent, in a deed, grant, will, or other written instrument, unless it plainly appears to the contrary by the terms thereof. Code (1957, Cum. Supp. 1966), Article 16, Section 78. Thus, in adult adoptions for purposes of inheritance, there is not a change in social or domestic relationship of either party. "* * *, [A]n adoption solely for the purpose of inheriting does not have for its purpose, nor is it followed by, any change in social or do-

mestic relationship of either party to the transaction, but has for its purpose and effect only the bestowal on the adoptee the right of a natural heir to inherit undisposed of property from the adopted ancestor." *Greene v. Fitzpatrick,* 220 Ky. 590, 295 S. W. 896, 899 (1927). In *Greene* a wealthy bachelor adopted a married woman. See also, *Bedinger v. Graybill's Executor and Trustee,* 302 S. W. 2d 594 (Ky. Ct. App. 1957), where a husband adopted his wife, and the court rejected an argument that an incestuous relationship was created by this adoption. Since the Maryland statutory provisions permit the adoption of an adult by an adult for purposes of inheritance and since such adoption does not change the social or domestic relationship of either party, the adoption of an adult by an unmarried adult does not result in illegitimacy.

But for the petition for adoption and the report for adoption hearing by John B. Farrell, probation officer, which gives no intimation of wrongdoing or improper motive, there is no evidence on the question of whether this adoption would be appropriate. In view of the scanty record before us and of the fact that the Chancellor misconstrued the law, Rule 886 a, we hold that the court below should not have dismissed the petition for adoption without a hearing, Rule D77, so that the order must be reversed, and the case remanded for a plenary hearing. The Chancellor, in making his determination as to whether there are any compelling reasons why the petition for adoption should not be granted, should require such investigation, report and recommendations, and cause the production of such testimony and other evidence, as may be necessary for a full and fair hearing. *Cf. Crump v. Montgomery,* 220 Md. 515, 154 A. 2d 802; *King v. Shandrowski,* 218 Md. 38, 145 A. 2d 281.

> *Order reversed and case remanded for further proceedings. Costs to be paid by appellants.*